1  Joshua L. Raskin (*pro hac vice*)
   raskinj@gtlaw.com
2  Allan A. Kassenoff (*pro hac vice*)
   kassenoffa@gtlaw.com
3  Vimal M. Kapadia (*pro hac vice*)
   kapadiav@gtlaw.com
4  Elana B. Araj (*pro hac vice*)
   araje@gtlaw.com
5  GREENBERG TRAURIG, LLP
   MetLife Building
6  200 Park Avenue
   New York, New York 10166
7  Telephone: 212.801.9200
   Facsimile: 212.801.6400

8
   Nicholas A. Brown (SBN CA 198210)
9  brownn@gtlaw.com
   GREENBERG TRAURIG, LLP
10 Four Embarcadero Center, Suite 3000
   San Francisco, California 94111
11 Telephone: 415.655.1300
   Facsimile: 415.520.5609

12
   *Attorneys for Plaintiffs Ebates Performance Marketing, Inc. d/b/a*
13 *Rakuten Rewards and Cartera Commerce, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EBATES PERFORMANCE MARKETING, INC. d/b/a RAKUTEN REWARDS and CARTERA COMMERCE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MYMAIL, LTD.,<br><br>Defendant. | CASE NO. 20-cv-04768-LHK<br><br>**DECLARATION OF JOSHUA L. RASKIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT UNDER 28 U.S.C. § 2201 AND FRCP RULE 4(k) (as Revised 8/17/20)** |

I, Joshua L. Raskin, declare as follows:

1. I am an attorney at law duly licensed in the State of New York, and am a shareholder of the law firm of Greenberg Traurig, LLP, attorneys of record for Plaintiffs Ebates Performance Marketing, Inc. d/b/a Rakuten Rewards ("Rakuten Rewards") and Cartera Commerce, Inc. ("Cartera") (collectively, "Plaintiffs") in the above-entitled action, and make this declaration in support of Plaintiffs' Opposition to Defendant's Motion to Dismiss (Dkt. 29-1). Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify as set forth below.

2. On June 12, 2020, Defendant MyMail, Ltd. ("MyMail"), though its counsel, Mr. Christopher Michaels, sent a letter to Ebates, Inc. d/b/a Rakuten ("Rakuten"), alleging that the Rakuten Rewards "Chrome extension called 'Rakuten: Get Cash Back For Shopping'" button ("Rakuten Rewards Button") infringes claims 1, 5, 9, and 17 of U.S. Patent No. 9,021,070 ("the '070 patent"), claims 1 and 24 of U.S. Patent No. 8,275,863 ("the '863 patent"), claim 1 of U.S. Patent No. 9,141,263 ("the '263 patent"), and claim 5 of U.S. Patent No. 10,228,838 ("the '838 patent") (collectively, "Asserted Claims"). (Dkt. 1-5 ("Rakuten Rewards Letter").) Rakuten Rewards is a wholly owned subsidiary of Rakuten.

3. On June 12, 2020, MyMail, through Mr. Michaels, sent a very similar letter to Delta Airlines, Inc. ("Delta"), alleging that the "SkyMiles Shopping button," available at www.skymilesshoping.com, infringes the same Asserted Claims. (Dkt. 1-6 ("Cartera Letter").) Delta is a customer and business partner of Cartera. Cartera licenses to and operates for Delta the technology underlying the "SkyMiles Shopping button" (hereafter, the "Cartera Button"). Cartera is obligated to defend Delta against infringement claims made with respect to the Cartera Button.

4. The Rakuten Rewards and Cartera Letters state that they "serve as a notice of infringement" of the Asserted Claims. (Dkt. 1-5, 1-6.) In addition, they state that "MyMail has been involved in a lot of litigation and has litigators actively enforcing its patents…" (*Id*.) Further, the letters state that MyMail is offering a "license agreement in the form attached to this letter." (*Id.*) The letters conclude by stating that "[t]he offer to license described above will terminate" if a response is not received by June 24, 2020, after which Mr. Michaels "will turn [his] files over to litigation counsel." (*Id.*)

5. On June 23, 2020, I contacted Mr. Michaels via telephone and requested an additional 30

days to respond to the Rakuten Rewards and Cartera Letters. While Mr. Michaels could not commit to any extension, he agreed to recommend to his client that they refrain from turning the case over to "litigation counsel" for another week (i.e., until the following Friday). He also reiterated his warnings that, if Rakuten did not enter into a license, MyMail would be turning the case over to litigation counsel.

6. During the June 23, 2020 call, I also explained to Mr. Michaels that Delta is one of several Cartera partners which use the licensed Cartera Button. I did not identify any of the other Cartera partners by name. Because each of Cartera's partners uses the same Cartera Button, I suggested that Mr. Michaels not send additional enforcement letters to Cartera's other partners. Contrary to the Declaration of Christopher Michaels (Dkt. 28-2), I did not "ask if MyMail would agree to not contact Delta Airlines, Inc. and other companies related to Rakuten while we negotiated a license." (Dkt. 28-2, ¶28.) The suggestion not to contact other Cartera partners was not tied to any agreement to negotiate a license.

7. On July 2, 2020, I contacted Mr. Michaels again via telephone to let him know that I would be sending a letter on behalf of my clients in response to the Rakuten Rewards and Cartera Letters. Following this call, that same day, I sent the letter. (Dkt. 1-7.) The July 2, 2020 letter concludes by stating that "before commencing any licensing discussions, please let us know your thoughts on the [issues raised in this letter]." (*Id.*)

8. On July 10, 2020, I spoke with Mr. Michaels again. During that call, he said that he would be sending a response to my July 2 letter *that same day*. However, he never sent a response—on that day or any time thereafter.

9. Having not received a response to the July 2 letter, and concerned about Mr. Michaels' repeated warnings that he would be turning the case over to litigation counsel if Rakuten did not agree to a license, on July 16, 2020, Plaintiffs brought this action seeking a declaratory judgement that the Rakuten Rewards Button and the Cartera Button do not infringe any claim (including the Asserted Claims) of the '070 patent, the '863 patent, the '263 patent, and the '838 patent. That same day, I sent a courtesy copy of the Complaint to Mr. Michaels.

10. Following receipt of Mr. Michaels' email dated July 16 (Dkt. 29-2), on that same day, I sent an email response, a copy of which is attached as Exhibit A. In my email, I stated, in relevant part:

Your email below mischaracterizes our prior communications. I never assured you that

my client wished to pursue licensing rather than litigation, and my objective was not to buy time to litigate. In fact, I told you just the opposite, both in my July 2 letter and on our two phone calls. Specifically, in my letter I stated in no uncertain terms that "before deciding whether and to what extent they will engage in licensing discussions with MyMail, Rakuten requests that you address the issues raised [in the letter]." Then, during our call on Friday, I again told you that Rakuten would not engage in any licensing discussions until you responded to our letter. You told me that you would send a response that same day, but never did so. Therefore, based on your repeated threats that, unless Rakuten agrees to a license (for which you have asked more than $37mm) you "will turn [your] files over to litigation counsel," our client had no choice but to file suit.

11.     Mr. Michaels' statement in his declaration that "[I] also knew that MyMail had not engaged litigation counsel to bring an action against any of [my] clients" (Dkt. 28-2, ¶31) is not true. Mr. Michaels repeatedly told me, both in his letters and on our calls, that the matter would be turned over to MyMail's litigation counsel if a license agreement was not reached.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: August 28, 2020                                      */s/ Joshua L. Raskin*
                                                                                    Joshua L. Raskin

## **CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION**

I, Nicholas Brown, hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories to this document.

DATED: August 28, 2020                                   */s/ Nicholas A. Brown*

                                                                        Nicholas A. Brown

# EXHIBIT A

| From: | Raskin, Joshua L. (Shld-NY-IP-Tech) |
|---|---|
| Sent: | Thursday, July 16, 2020 9:50 PM |
| To: | Christopher Michaels |
| Cc: | Kassenoff, Allan (Shld-NY-IP-Tech); Chris Joe |
| Subject: | RE: Rakuten v. MyMail |
| | |
| Categories: | Stingray |

Chris:

Your email below mischaracterizes our prior communications. I never assured you that my client wished to pursue licensing rather than litigation, and my objective was not to buy time to litigate. In fact, I told you just the opposite, both in my July 2 letter and on our two phone calls. Specifically, in my letter I stated in no uncertain terms that "before deciding whether and to what extent they will engage in licensing discussions with MyMail, Rakuten requests that you address the issues raised [in the letter]." Then, during our call on Friday, I again told you that Rakuten would not engage in any licensing discussions until you responded to our letter. You told me that you would send a response that same day, but never did so. Therefore, based on your repeated threats that, unless Rakuten agrees to a license (for which you have asked more than $37mm) you "will turn [your] files over to litigation counsel," our client had no choice but to file suit.

With that being said, I think it makes sense for us to speak next week. Tuesday at 11 a.m works for me so I will call your office then.

Josh

**Joshua L. Raskin**
Shareholder; Chair, NY IP & Technology Group

Greenberg Traurig, LLP
MetLife Building | 200 Park Avenue | New York, NY 10166
T +1 212.801.6930
M +1 917.747.3351
raskinj@gtlaw.com | www.gtlaw.com | View GT Biography



**From:** Christopher Michaels [mailto:michaels@bpmlegal.com]
**Sent:** Thursday, July 16, 2020 7:38 PM
**To:** Raskin, Joshua L. (Shld-NY-IP-Tech) <raskinj@gtlaw.com>
**Cc:** Kassenoff, Allan (Shld-NY-IP-Tech) <KassenoffA@gtlaw.com>; Chris Joe <chris.joe@bjciplaw.com>
**Subject:** Re: Rakuten v. MyMail

**\*EXTERNAL TO GT\***

Josh:

You requested as a courtesy that we hold off accusing your client's other customers and in good faith we did so.

You called me several times to make sure we understood your communications in context and to assure me that your client wished to pursue licensing rather than litigation.  It seems that your objective was not to negotiate in good faith but rather to buy time to go to litigate in a forum of your choosing. Such behavior works once.

We can discuss by phone next week if you like and I am widely open next Tuesday or Wednesday, but would prefer Tuesday at 11:00am if that works for you.  If your client has an offer, please come prepared to convey it.


Chris

Christopher A. Michaels
Brown & Michaels, PC
4th Floor M&T Bank Building
118 North Tioga Street
Ithaca, NY 14850
(607) 256-2000 (office)
(607) 256-3628 (fax)
www.bpmlegal.com

> On Jul 16, 2020, at 6:31 PM, "raskinj@gtlaw.com" <raskinj@gtlaw.com> wrote:
>
> Dear Chris,
>
> Attached is a courtesy copy of a complaint filed today by Rakuten Rewards and Cartera against MyMail in ND Cal. Please let me know if/when you are available next week to discuss. I am generally available on Tuesday and Wednesday.
>
> Thanks,
>
> Josh
>
> **Joshua L. Raskin**
> Shareholder; Chair, NY IP & Technology Group
>
> Greenberg Traurig, LLP
> MetLife Building | 200 Park Avenue | New York, NY 10166
> T +1 212.801.6930
> M +1 917.747.3351
> raskinj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography
>
> <image001.png>
>
> ---
>
> If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.
> <2020.07.16 [001] Complaint for Declaratory Judgment of Noninfringement of Patent.pdf>