UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EBATES PERFORMANCE MARKETING, INC, et al., | Case No. 20-CV-04768-LHK |
| Plaintiffs, | **ORDER GRANTING MOTION TO STAY** |
| v. | Re: Dkt. No. 54 |
| MYMAIL, LTD., | |
| Defendant. | |

Before the Court is MyMail's motion to stay the instant case pending the Federal Circuit's resolution of MyMail's appeal of this Court's decision in *MyMail, Ltd. v. OoVoo*, LLC, --- F. Supp. 3d ---, 2020 WL 2219036, at *1 (N.D. Cal. May 7, 2020) ("the ooVoo cases"). ECF No. 54. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS MyMail's motion and STAYS the instant case until resolution of MyMail's appeal in the OoVoo cases.

In the ooVoo cases, MyMail alleged that ooVoo and IAC infringed U.S. Patent Nos. 8,275,863 ("the '863 patent") and 9,021,070 ("the '070 patent"). *Id.* at *1–*2. On May 7, 2020, this Court granted ooVoo and IAC's motion for judgment on the pleadings. *Id.* at *1. The Court concluded that the '863 patent and the '070 patent were invalid under 35 U.S.C. § 101. *Id.* at *22.

1

On May 22, 2020, MyMail appealed the Court's decision to the Federal Circuit. The Federal Circuit has not ruled on the appeal.

In the instant case, Plaintiffs sue MyMail for a declaration of non-infringement of U.S. Patent Nos. 10,228,838 ("the '838 patent") and 9,141,263 ("the '263 patent"), the '070 patent, and the '863 patent. ECF No. 1. The '070 patent and the '863 patent are the same patents that were at issue in the ooVoo cases. *MyMail, Ltd.*, 2020 WL 2219036, at \*1–\*2. Furthermore, the '838 patent and the '263 patent are continuations of the '070 patent and the '863 patent. *See* ECF No. 2. Additionally, the '070 patent, the '863 patent, the '838 patent, and the '263 patent have the same specification. *Id*. Moreover, as Plaintiffs acknowledge, 16 of the 32 claims asserted by MyMail in the instant case were invalidated in this Court's order in the ooVoo cases. ECF No. 62 at 3–4. Plaintiffs also contend that, as to the claims that were not invalidated in the ooVoo cases, most of their limitations are nearly identical to the limitations of at least one of the claims that were invalidated in the ooVoo cases. ECF No. 58 at 2, 9–13. Because the instant case involves the same party, two of the same patents, many of the same asserted claims, and many of the same invalidity issues as the ooVoo cases, the Court concludes that a Federal Circuit decision in the ooVoo cases could shed light on the issues presented in the instant case, which would increase judicial efficiency.

In addition, Plaintiffs have moved for judgment on the pleadings in the instant case on the grounds that: (1) MyMail is collaterally estopped from asserting the '070 patent, the '863 patent, the '838 patent, and the '263 patent based on this Court's decision in the ooVoo cases, ECF No. 58 at 8–13; and (2) the '070 patent, the '863 patent, the '838 patent, and the '263 patent are invalid under 35 U.S.C. § 101, *id.* at 13–23. If the Court were to decide that MyMail was collaterally estopped from asserting these four patents based on this Court's decision in the ooVoo cases, and if the Federal Circuit then vacated the Court's ooVoo decision, the Federal Circuit's ruling would eliminate the basis for collateral estoppel and require the Court to start anew. Similarly, if the Court were to decide that these four patents were invalid under 35 U.S.C. § 101, and if the Federal

2

United States District Court
Northern District of California

Circuit then held that two of the patents were valid, the Court would also have to reassess its rulings. Accordingly, the Court concludes that a Federal Circuit decision may increase judicial efficiency.

Thus, the Court GRANTS MyMail's motion and STAYS the instant case until resolution of MyMail's appeal in the OoVoo cases by either the Federal Circuit Court of Appeals or the United States Supreme Court. The parties shall notify the Court within three business days of any such ruling. The case schedule is hereby vacated. The Clerk shall administratively close the file. This is a purely administrative procedure that does not affect the rights of the parties.

**IT IS SO ORDERED.**

Dated: May 22, 2021

_Lucy H. Koh_

LUCY H. KOH
United States District Judge